Filed 12/14/23  Valadez v. Valadez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| RICARDO VALADEZ,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>ISMAEL RAMIREZ VALADEZ,<br><br>     Defendant and Appellant. | D083002<br><br><br>(Super. Ct. No. CIVDS1919338) |

APPEAL from a judgment of the Superior Court of San Bernadino County, Michael A. Sachs, Judge.  Affirmed.

Law Office of Zulu Ali & Associates and Zulu Abdullah Ali, for Defendant and Appellant.

Arias & Lockwood, Christopher Lockwood and Ricks & Associates, Kenneth Ricks, for Plaintiff and Respondent.

In March of 2018, Ricardo Valadez (Ricardo) and his cousin Ismael Ramirez Valadez (Ismael) entered into an oral contract to purchase a restaurant.[1]  In April of 2018, Ricardo paid Ismael $45,000 toward the total

---

1      For clarity and ease of reference, we use appellant and respondent's first names.  We intend no disrespect.

purchase price of $90,000 and claims that, soon thereafter, Ismael stopped communicating with him.  Ricardo filed a complaint in June of 2019 alleging that Ismael failed to purchase the restaurant as they had agreed and instead used the $45,000 for his own benefit.

The trial court entered judgment in Ricardo's favor on his breach of contract cause of action and common count claim in the alternative for $45,000 plus interest and costs.  On appeal, Ismael contends the judgment is not supported by substantial evidence.  We reject this contention and affirm the trial court's judgment.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A two-day bench trial began on October 31, 2022.  Ricardo, Ismael, and Ismael's son testified.

Ricardo testified that, in March of 2018, his first cousin Ismael  reached out to him  and proposed they jointly purchase La Mexicana restaurant located in Jarupa Valley, California.  They agreed to purchase the restaurant as 50-50 owners, each paying $45,000 toward the $90,000 purchase price. Ismael was to purchase the restaurant in early April of 2018, and Ricardo would then move with his family from Illinois to Ismael's home in Chino Hills, California and help run the restaurant.

Ricardo sent Ismael $45,000 via two wire transfers, the first in late March in the amount of $29,000 and the second in the first week of April in the amount of $16,000.  Rather than contributing his $45,000 and immediately purchasing the restaurant, Ismael told Ricardo that he only put down a $20,000 deposit.  According to Ricardo, Ismael never told him that he purchased a restaurant, nor did he provide him with any documentation relative to the restaurant.

2

After Ricardo asked Ismael for a receipt documenting the $20,000 deposit, Ismael stopped all communication with him. Ricardo left multiple voicemail messages and text messages via various applications, and even contacted local law enforcement, but received no response. Ricardo also tried calling Ismael from a different phone number, but when Ismael answered, he claimed he couldn't hear Ricardo, laughed and hung up.

Ismael, on the other hand, testified that in July 2018, he paid someone named "Mario" $90,000 in cash to purchase a restaurant called La Hacienda. He claimed he used Ricardo's $45,000 and $45,000 of his own money to purchase it, renamed it Mariscos El Patron, and operated it as a sole proprietorship. Ismael had no receipt for the $90,000 purchase price, no contract for the sale, and no financial documents concerning the restaurant. The only documents submitted by Ismael at trial were a gas bill in his name dated May 9, 2022 (well-after the restaurant had closed) and a health inspection report for the Mariscos El Patron restaurant dated November 6, 2018 that only listed Ismael as the owner.

Ismael testified he operated the restaurant for approximately seven months but never realized any profits. He asked Ricardo for an unspecified amount of money to help operate the restaurant but received nothing. After he ran out of funds, Ismael closed the restaurant but did not attempt to sell the business or any of the appliances or furniture.

Ismael Ramirez, Jr. (Ismael's son) testified that he was present when his father paid the former owner "Mario" $90,000 in cash in exchange for the keys to the restaurant and witnessed his father sign the lease later that same day. He had never met Ricardo and did not know the origin of the $90,000. He worked in the restaurant along with his sister and another part-time employee for approximately seven or eight months before it closed.

At the conclusion of the bench trial, the court took the matter under submission. In a detailed Statement of Decision filed on December 8, 2022, the trial court relied upon the trial testimony and specifically enumerated exhibits[2] and entered judgment in favor of Ricardo on his breach of contract and common count causes of action in the amount of $45,000 plus interest and costs.[3] Ismael timely appealed.

We note that Ismael filed a non-complying opening brief, failed to include the trial court minutes in the record on appeal, and failed to submit all trial exhibits despite repeated requests by the clerk pursuant to California Rules of Court, rule 8.224(d). Ismael specifically omitted Exhibit 50 (the San Bernadino County Public Health Department's Official Inspection Report), claiming it "does not exist."[4]

---

[2]    The trial court relied upon Exhibits 1 (deposition transcript of Ismael Ramirez Valadez), 3 (San Bernardino Recorder fictitious business name search), 13 (Defendant's Responses to Form Interrogatories Set One), 14 (Defendant's Amended Responses to Form Interrogatories Set One), 18 (Defendant's Bank of America records), and 50 (the San Bernadino County Public Health Department's Official Inspection Report).

[3]    The trial court found the evidence insufficient to support a fraud cause of action, noting that Ricardo did not establish wrongful intent at the time Ismael made the representations or promise to perform.

[4]    Ismael's failure to submit Exhibit 50 is mitigated by the trial court's detailed description of the document during trial: "This is a document that came from the San Bernardino County Public Health Department. It's entitled California Code Official Inspection Report. And it gives the address of public health, which is at 365 North Arrowhead, San Bernardino, California along with phone numbers and e-mail address. Document is signed by Ismael Rodriguez and identified Mr. Rodriguez as the owner."

As we discuss below, despite these procedural deficiencies, the trial court's judgment is supported by substantial evidence and will not be disturbed on appeal.

## DISCUSSION

### A. *Standard of review*

We begin with the "fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

When reviewing a judgment based upon a statement of decision following a bench trial, we apply the deferential substantial evidence standard of review to the trial court's factual findings. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 364). Under this deferential standard of review, findings of fact are liberally construed to support the judgment, and we consider the evidence in the light most favorable to Ricardo as the prevailing party, drawing all reasonable inferences in support of the trial court's findings. (See *Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) We must infer that the trial court "impliedly made every factual finding necessary to support its decision" (*Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 48), and we resolve all explicit conflicts in the evidence in favor of Ricardo (see *Kuhn v. Department of General Services* (1994) 22 Cal.App.4th 1627, 1632-1633). We do not reweigh the evidence, reassess witness credibility, or make new findings. (See

5

*Reynaud v. Technicolor Creative Services USA, Inc.* (2020) 46 Cal.App.5th 1007, 1015.)

Ismael claims the trial court's judgment is not supported by substantial evidence, and yet he fails to "set forth, discuss, and analyze *all* the evidence on that point, *both favorable and unfavorable*" as required. (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218, italics added.) Instead, Ismael's non-complying opening brief (see Cal. Rules of Court, rule 8.204(a)(2)(C)) includes a truncated statement of facts and decidedly one-sided arguments that ignore the evidence favorable to respondent and the trial court's judgment.

Ordinarily, Ismael's failure to provide a complete record coupled with his election to present only the evidence favorable to his position rather than all the relevant material evidence would result in a waiver. (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [appellant is " 'required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived.' [Citations.]" Original italics.].) Although we would be justified in concluding that Ismael forfeited his ability to challenge the sufficiency of the evidence in light of the significant shortcomings in his brief (see *Foreman v. Clark Corp. v. Fallon, supra,* 3 Cal.3d at p. 875; see also *Hauselt v. County of Butte* (2009) 172 Cal.App.4th 550, 563 ["plaintiff has forfeited [the substantial evidence] argument because he has cited only the evidence favorable to him"]), we reject Ismael's challenge on the merits as the record contains ample evidence to support the judgment.

B. *The judgment is supported by substantial evidence*

The trial court's Statement of Decision clearly sets forth the trial court's factual findings and conclusion that Ricardo had proven all requisite

elements of his breach of contract cause of action as well as the common count claim in the alternative for money had and received. (See CACI 303 [breach of contract], 370 [common count: money had and received].) Ismael does not dispute that the parties entered into an oral contract for the purchase of a restaurant as 50-50 owners or that Ricardo paid him $45,000 toward the $90,000 purchase price. He argues that Ricardo failed to prove that he "did all or substantially all, of the significant things that the contract required" and also failed to prove that Ismael "failed to do something that the contract required." (See CACI 303.) Reiterating on his self-serving testimony and arguments raised in the trial court, Ismael asserts that he substantially performed his obligations under the contract by purchasing a restaurant and claims he was forced to close the restaurant because of Ricardo's failure to fund the day-to-day operational costs.

The trial court rejected Ismael's testimony and arguments. Its finding that Ricardo had fully performed his obligation under the contract by wiring $45,000 to Ismael for the purchase of the restaurant is supported by Ricardo's testimony that Ismael stopped all communications with him soon after receiving his funds. (See *Plastic Pipe & Fittings Assn. v. California Building Standards Com.* (2004) 124 Cal.App.4th 1390, 1407; *Citizens Business Bank v. Gevorgian, supra*, 218 Cal.App.4th at p. 613 [the testimony of one witness constitutes substantial evidence].) The trial court was free to reject Ismael's testimony that Ricardo was also obligated to fund the day-to-day operations of the restaurant (see *G & W Warren's, Inc. v. Dabney* (2017) 11 Cal.App.5th 565, 581 [fact finder is free to reject the testimony of a witness, even if that testimony is uncontradicted]), and we defer to the trial court's determination of witness credibility. (*Behm v. Clear View Technologies* (2015) 241 Cal.App.4th 1, 15.)

7

The trial court's determination that Ismael breached the contract by failing to include Ricardo as a 50-50 owner of the restaurant he eventually purchased and that this breach was a substantial factor in causing Ricardo's harm are also supported by sufficient evidence. Ricardo testified that he never received any documentation regarding the restaurant, and Ismael testified that he operated the restaurant as a sole proprietor. Ismael did not submit any documentation showing that Ricardo had any ownership interest in the restaurant; the only restaurant document submitted at trial was the San Bernadino County Public Health Department's Official Inspection Report listing Ismael as the owner.

Ricardo's claim in the alternative for money had and received is based on the same facts. It is undisputed that Ricardo gave Ismael $45,000.00 for a 50% ownership interest in a restaurant to be purchased by Ismael and that Ismael never returned the funds to Ricardo. The trial court's finding that the money had not been used for Ricardo's benefit is supported by Ricardo's testimony that Ismael stopped communicating with him and never provided him with an ownership interest in a restaurant. (See CACI 370.)

We conclude the trial court's findings are sufficiently supported by the testimony and evidence presented at trial.

DISPOSITION

The judgment of the trial court is affirmed.  Respondent is entitled to recover his costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(1).)


McCONNELL, P. J.

WE CONCUR:



HUFFMAN, J.



O'ROURKE, J.